UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**LORENZO B. WINFORD,**

        **Plaintiff,**

        v.                               Case No. 06-C-1000

**MATTHEW J. FRANK and**
**JEFFREY P. ENDICOTT,**

        **Defendants.**

# ORDER

The *pro se* plaintiff, Lorenzo Winford, who is presently incarcerated at the Redgranite Correctional Institution (RGCI), filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a petition to proceed *in forma pauperis,* on September 22, 2006. The plaintiff is required to pay the statutory filing fee of $350 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has paid an initial partial filing fee of $8.09.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious or that fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which no relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738,

2

740 (1976), and construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff was incarcerated at RGCI at all times relevant. Defendant Matthew J. Frank is the Secretary of the Wisconsin Department of Corrections (DOC) and defendant Jeffrey P. Endicott is the Warden of RGCI. The plaintiff describes his case as one of "blatant discrimination and violation of [his] constitution[al] rights by Mr. Franks [sic] and

3

Mr. Endicott by allowing their subordinates to discriminate against [his] constitutional right to freedom of religion, as well as using threatening tacit's [sic] in an attempt to discourage [him] from practicing [his] beliefs." (Complaint at 5-6.) Specifically, plaintiff alleges that on April 28, 2006, after being transferred from Green Bay Correctional Institution to RGCI, he discovered that some of his "religious books" were missing from his property.[1] He was also notified that his religious books needed to be approved by the chaplain. Plaintiff avers that "every other person who came to R.G.C.I. with [him] was given their religious items without needing approval from the chapel." (Id.) After inquiring into the matter, he was told that security would decide when he would get his books.

The plaintiff then filed an inmate grievance, RGCI-2006-12694, which asked when he would be receiving his books. The inmate complaint examiner (ICE) recommended dismissal of the complaint because the Chaplain had denied plaintiff the right to have the books while at RGCI. In addition, the ICE informed plaintiff that the books were in the property department and that he would need to contact property staff for a disposition regarding the books. Warden Endicott ultimately accepted the ICE's recommendation and dismissed the complaint.

Thereafter, plaintiff filed a second grievance, RGCI-2006-12969, in which he argued that he was being discriminated against because his books had to go through an

---

[1] The books at issue were the following: *MAGICK,* by Aleister Crowley, *The Necromantic Ritual Book,* by Leilah Wendell, *Original Black and White Magic,* by Marie Laveau, two publications of the *Black Flame International Forum of the Church of Satan,* and two "catalogs." (Complaint Ex. A, p.3.)

4

approval process while other inmates' books and possessions did not. This grievance was ultimately dismissed pursuant to the decisions of Steven Beck and the Secretary's designee, Rick Raemisch.[2] (Complaint Ex. B.) The plaintiff also filed a grievance, RCGI-2006-16692, in which he argued that the ICE exceeded her authority when she issued her recommendation as to inmate grievance RCGI-2006-12969. Defendant Endicott approved the rejection of this complaint on the ground that it amounted to an improper appeal of grievance RCGI-2006-12969. (Complaint Ex. C.)

The plaintiff also alleges that he was treated in a threatening manner by RGCI staff and that RGCI staff are refusing to file his inmate grievances because his religion is not recognized at RGCI. He maintains that defendant Endicott has "agreed with these actions."

According to the plaintiff, the defendants actions violated his Fourteenth Amendment right to equal protection by singling him out for different treatment because of his religion and interferes with his First Amendment right to practice his religion.[3] Plaintiff seeks compensatory damages and injunctive relief including an order transferring him out of RGCI.

Although lawful imprisonment deprives prisoners of many rights, it does not strip them of the right to equal protection of the laws. *Williams v. Lane*, 851 F.2d 867, 881

---

[2] Neither Mr. Beck or Mr. Raemisch are named as defendants in this action.

[3] The plaintiff does not specifically allege his religion. In the relief section of the complaint, plaintiff seeks an order directing "Satanism and all other non-mainstream religions to be recognized by Wisconsin Department of Corrections." Thus, it appears that the religion to which plaintiff adheres is Satanism.

5

(7th Cir. 1990) ("Prisoners do not surrender their rights to equal protection at the prison gate"). "In the prison context, the Equal Protection Clause of the Fourteenth Amendment requires inmates to be treated equally, unless unequal treatment bears a rational relation to a legitimate penal interest." *May v. Sheahan*, 226 F.3d 876, 882 (7th Cir. 2000). The plaintiff's contention that he was treated unequally because of his religion states an equal protection claim.

The plaintiff also claims that his First Amendment right to practice his religion was violated. An inmate retains the right to exercise his religious beliefs while incarcerated. *Kaufman v. McCaughtry*, 419 F.3d 678, 681 (7th Cir. 2005) (citing *Tarpley v. Allen County*, 312 F.3d 895, 898 (7th Cir. 2002)). A prison regulation that infringes upon an inmate's free exercise rights may be valid "'if it is reasonably related to legitimate penological interests,'" *Alston v. DeBruyn*, 13 F.3d 1036, 1039 (7th Cir. 1994) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)); *see also Al-Alamin v. Gramley*, 926 F.2d 680, 685 (7th Cir. 1991) (DOC "need only make reasonable efforts to afford inmates an opportunity to practice their faith"). Given the facts alleged in his complaint, plaintiff's First Amendment claim is not subject to dismissal at this point in the proceedings.

As a final matter, the court notes that the plaintiff has not indicated whether he is suing the defendants in their individual or official capacities. A suit against a state official in his or her official capacity is a suit against the official's office. As such, it is not different than a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Official capacity claims seeking injunctive relief are permissible under § 1983. *Id*. at 71 n.10. Such claims require that the entity's policy or custom have played a part in the constitutional violation. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Based on a liberal construction of the plaintiff's complaint, it appears that the plaintiff is challenging the application of RGCI's regulations concerning review of religious property by the Chaplain. Further, he has requested injunctive relief. Thus, the court finds that the plaintiff may proceed on official capacity claims against the defendants.

In sum, plaintiff will be allowed to proceed on his First Amendment free exercise clause claims and his Fourteenth Amendment equal protection claims against the defendants in their individual and official capacities.

**IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that the defendant shall file a responsive pleading to the complaint.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $341.91 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust

7

account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 1st day of November, 2006.

**SO ORDERED**,

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**