# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LORENZO B. WINFORD,

        Plaintiff,

       -vs-                                  Case No. 06-C-1000

MATTHEW J. FRANK and
JEFFREY P. ENDICOTT,

        Defendants.

## DECISION AND ORDER

Plaintiff, Lorenzo B. Winford, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. By order of November 1, 2006, the plaintiff was permitted to proceed *in forma pauperis* on various constitutional claims. This matter comes before the court on the plaintiff's motion to amend and the plaintiff's motion for temporary restraining order.

**1.      Motion to Amend**

The plaintiff seeks to amend the complaint to include grievances he filed with the Inmate Complaint Review System (ICRS). Rule 15(a) of the Federal Rules of Civil Procedure states that leave to file an amended complaint "shall be freely given when justice so requires." The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the

> amendment, etc. - the leave sought should, as the rules require
> be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

In the present case, it appears that the plaintiff seeks to amend his complaint so that he may respond to the defendants' motion to dismiss this action for failure to exhaust administrative remedies. However, the Supreme Court in *Jones v. Bock*, No. 05-7058, 2007 U.S. LEXIS 1325, at *32 (U.S. Jan. 22, 2007), recently held that "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." Further, this court may consider the plaintiff's ICRS grievances, without amending the complaint, when addressing the defendants' motion to dismiss. Therefore, the plaintiff's motion to amend the complaint will be denied.

**2.        Motion for Temporary Restraining Order**

The plaintiff has filed a motion for temporary restraining order asking that he be transferred to another correctional facility until this action is finished. As grounds for his request, the plaintiff states: (1) he has the highest mental health risk rating; (2) there is a conflict of interest between the plaintiff and RGCI staff; and (3) he has been subjected to retaliatory acts (such as being prevented from obtaining a job, facing obstacles when making photocopies and receiving a conduct report). (Mot. for TRO at 1). The standards for a temporary restraining order and preliminary injunction are identical. The applicant has the burden of showing: (1) a reasonable likelihood of success on the merits, (2) no adequate remedy at law, and (3) irreparable harm if injunctive relief is denied. *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997). If the petitioner satisfies the initial three-step

burden, the court must balance the irreparable harm to the nonmoving party if the injunction is granted against the irreparable harm to the moving party if the injunction is denied. *Id*. The court also must consider the effect of the injunction on nonparties. *Id*.

In this case, the plaintiff has not established a basis for injunctive relief. In particular, he has not presented any argument or evidence to show that he lacks an adequate remedy at law. Moreover, there is no indication that the plaintiff will suffer irreparable harm if injunctive relief is not granted. Thus, the plaintiff's motion for temporary restraining order will be denied at this time.

As a final matter, there is on file the defendants' motion to dismiss. The plaintiff filed his response on January 25, 2007. Hence, any reply by the defendants is due on or before February 8, 2007.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to amend (Doc. # 19) is **denied.**

**IT IS FURTHER ORDERED** that the plaintiff's motion for temporary restraining order (Doc. # 20) is **denied.**

Dated at Milwaukee, Wisconsin, this 30th day of January, 2007.

**SO ORDERED,**

s/ Rudolph T. Randa

**HON. RUDOLPH T. RANDA**
**Chief Judge**